IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISAAC K. BIEGON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-CV-150-B-BW |
| | § | |
| TURKISH AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 12, 2025, the United States Magistrate Judge made findings, conclusions, and a recommendation that this case be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to serve Defendant Turkish Airlines, Inc. (Doc. 14.) Plaintiff Isaac K. Biegon, proceeding *pro se*, filed objections to the recommendation on June 25, 2025. (Doc. 15.) The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.

In his objection to the magistrate judge's recommendation, Plaintiff requests leniency as a *pro se* party and asks the Court to consider Defendant as having been served by what Plaintiff considers diligent efforts at service. Those efforts, however, clearly do not comport with Rule 4's requirements, and the Court cannot excuse them as sufficient due to his *pro se* status. See *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil

-1-

Procedure."); *Pena v. Dallas Police Ass'n*, No. 3:22-CV-987-N-BH, 2023 WL 2144296, at *2 (N.D. Tex. Jan. 17, 2023) ("For service to be effective, a plaintiff must comply with the requirements of Rule 4.").

Plaintiff's objections are **OVERRULED**. Plaintiff seeks to establish diligent efforts to serve Defendant by personally mailing documents despite warnings that Rule 4(c)(2) precludes him personally from delivering the summons and complaint. The magistrate judge first advised Plaintiff on February 3, 2025, that, as a party in this action, he cannot be the person who serves Defendant. (Doc 4 at 1.) On May 19, Plaintiff was again advised of Rule 4(c)(2) and Plaintiff's to serve process because he is a party in this action. (Doc. 10.) Finally, in the Findings, Conclusions, and Recommendation, the magistrate judge explained again that, by personally mailing documents in an attempt to effect service, Plaintiff was not complying with Rule 4(c)(2)'s requirements. (*See* Doc. 14.) Despite these admonishments, Plaintiff has attempted to effect service by personally delivering the documents, and Plaintiff's objection to the magistrate judge's recommendation does not address or remedy this deficiency.

Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and will by separate judgment dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

DATE: August 4, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE